FILED'08 AUG 18 11:34 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMUEL OLUWALANA                              Civil No.  06-1124-BR

       Petitioner,                          OPINION AND ORDER

  v.

JEAN HILL

       Respondent.



CORINE J. LAI
520 S.W. Sixth Avenue, Suite 825
Portland, OR  97204

     Attorney for Petitioner


HARDY MYERS
Attorney General
SUMMER R. GLEASON
Assistant Attorney General
Oregon Department of Justice
1162 Court Street, N.E.
Salem, OR  97301

     Attorney for Respondent


1 - OPINION AND ORDER

**BROWN, Judge**

Petitioner, in custody of the Oregon Department of Corrections following conviction for Rape and Sexual Abuse, brings this Petition for Writ of Habeas Corpus (#2) pursuant to 28 U.S.C. § 2254. For the reasons that follow, the court DENIES the Petition.

**BACKGROUND**

In December, 2000, Petitioner was indicted on multiple counts of Rape in the First Degree and Sexual Abuse in the First Degree following incidents involving his daughter. (Respt.'s Ex. 102.) In July, 2001, Petitioner entered a plea of guilty to one count of Rape and one count of Sexual Abuse in the Circuit Court for Clackamas County, Oregon. (Respt.'s Ex. 103.) On November 26, 2001, prior to sentencing, Petitioner filed a motion with the court to withdraw his pleas. (Respt.'s Ex. 116.) The court denied Petitioner's motion finding Petitioner's plea to be knowing and voluntarily and intentionally made. (Respt.'s Ex. 105, 15-16.)

On November 30, 2001, Petitioner was sentenced to 100 months imprisonment followed by 20 years of post-prison supervision for Rape, and to a consecutive 75 months imprisonment followed by 10 years post-prison supervision for Sexual Abuse. (Response, #30, at 5.) In support of sentencing Petitioner to consecutive terms of imprisonment, the court made the following findings: the rape and sexual abuse charges were not included within the same time period,

the sexual abuse was a separate criminal offense from rape, and the victim was subjected to additional harm by the multiple offenses. (*Id.*)

Petitioner filed a timely direct appeal, raising as error the court's imposition of consecutive sentences in Part B of a *Balfour* brief.[1]  The Oregon Court of Appeals affirmed the lower court without opinion, *State v. Oluwalana*, 189 Or. App. 334 (2003), and the Oregon Supreme Court denied review.  336 Or. 146 (2003).

In 2004, Petitioner filed for post-conviction relief ("PCR") in Malheur County Circuit Court, raising nine claims of ineffective assistance of trial counsel.  (Respt.'s Ex. 113.)  Following the PCR trial, the PCR court issued a General Judgment denying post-conviction relief, finding "Petitioner has not sustained his burden of proof."  (Respt.'s Ex. 121.)  Petitioner appealed, submitting his claims in Part B of a *Balfour* brief.  (Respt.'s Ex. 122.)  The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.  (Respt.'s Exs. 126, 125.)

---

[1]Upon concluding that only frivolous issues exist on appeal, a *Balfour* brief allows appointed counsel to meet the constitutional requirement of "active advocacy" without violating rules of professional conduct.  Section A, signed by counsel, contains a statement of the case, including a statement of facts, sufficient to apprise the court of the jurisdictional basis for the appeal, but contains no assignments of error or argument. Section B, signed only by the appellant, is a presentation of the issues that appellant seeks to raise but that counsel considers to be frivolous.  *Balfour v. State of Oregon*, 311 Or. 434, 451-52, 814 P.2d 1069 (1991).

On August 4, 2006, Petitioner filed the instant Petition for Writ of Habeas Corpus raising five grounds for relief. Respondent contends Petitioner has procedurally defaulted all his claims. (Respt.'s Response, #30, 1.) Petitioner concedes he has procedurally defaulted all but Ground 3(b), in which he alleges "[t]rial counsel failed to make the proper objection to the sentence imposed in that the sentence was consecutive and an upward departure sentence enhancement in violation of petitioner's right secured by the United State [sic] Constitution 5th, 6th, and 14th amendment." (Petr.'s Mem., #43, 6-8; Petition, #2, 6.)

## DISCUSSION

### A.    Standards

Before a federal court may consider a petition for habeas relief pursuant to 28 U.S.C. § 2254, a state prisoner must have exhausted all available state court remedies through a direct appeal or through collateral proceedings. *See* 28 U.S.C. § 2254 (b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999)(state courts must have an opportunity to act on claims before they are presented in a habeas petition). The exhaustion requirement is satisfied when federal claims have been fairly presented to the state's highest court as a federal question. *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Castillo v. McFadden*, 370 F.3d 882, 886 (9th Cir. 2004). In Oregon, the Oregon Supreme Court is the highest state court with jurisdiction to hear post-conviction claims in

4 - OPINION AND ORDER

satisfaction of the exhaustion requirement.    *See* Or. Rev. Stat.
138.650 (2005).

A federal claim is "fairly presented" to the state courts only
if it was properly presented to (1) the state's Supreme Court, (2)
as a federal question, (3) in the appropriate petition or brief,
and (4) in the proper procedural context so that its merits would
be considered.    The proper factual and legal basis for the claim
must be presented to the state court.    *Insyxiengmay v. Morgan*, 403
F.3d 657, 668 (9th Cir. 2005); *Weaver v. Thompson*, 197 F.3d 359,
364 (9th Cir. 1999).

A state prisoner procedurally defaults federal claims if he
fails to raise them as federal claims in state court or is barred
from doing so under applicable state procedural rules.    *O'Sullivan*,
526 U.S. at 848; *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).
Federal habeas review of procedurally defaulted claims is precluded
unless the prisoner can show both "cause" for the procedural
default and actual prejudice or the prisoner demonstrates that
failure to consider the claims will result in a fundamental
miscarriage of justice.    *Edwards v. Carpenter,* 529 U.S. 446, 451
(2000); *Coleman*, 501 U.S. at 750.

**B.    Analysis**

As noted, Petitioner concedes all grounds for relief except
Ground 3(b) are procedurally defaulted.    Because Petitioner has not

attempted to excuse the default, this Court's review is limited to Ground 3(b).

According to Respondent, however, Petitioner did not fairly present Ground 3(b) to the Oregon Court of Appeals or to the Oregon Supreme Court and, therefore, Ground 3(b) is procedurally defaulted as well. (Reply, #47, 5-7.)  Petitioner insists he "habitually raised his dissatisfactions with the consecutive sentence throughout his state proceedings and into his habeas proceedings," and, thus, he argues Ground 3(b) was presented to the Oregon courts.  (Mem., #43, 8.)  For the reasons that follow, the Court concludes Ground 3(b) was not fairly presented in state court.

With the assistance of counsel, Petitioner's presented the following ineffective assistance of counsel claims touching on the issue of consecutive sentencing in his state PCR petition:

> (d)  Trial **counsel misled petitioner** by informing him that his sentence would be a concurrent sentence.

> (h)  Trial **counsel failed to inform petitioner** of the possible sentencing consequences pursuant to Measure 11.

> (i)  Trial **counsel failed to challenge the sufficiency of the indictment and the lack of factual allegations in the indictment** to support a consecutive sentence instead of a concurrent sentence.

(Respt.'s Ex. 113, 3-5.)  (Emphasis added.)  Petitioner's PCR memorandum emphasized "it is petitioner's position that his trial counsel should have required the State of Oregon to fulfill its

6 - OPINION AND ORDER

promise that his sentences be served concurrently." (Respt.'s Ex. 114, 2.)    He repeated this argument in the PCR proceeding. (Respt.'s Ex. 120, 1-2.)

In his appeal from the PCR court decision, Petitioner raised three grounds for relief to the Oregon Court of Appeals, with Ground I presenting two claims of ineffective assistance of counsel:

> I(a):    Trial **counsel failed to challenge the sufficiency of the indictment and lack of factual allegations in the indictment** to support consecutive sentence instead of concurrent sentence.

> I(b):    Trial **counsel mislead [sic] Petitioner by informing me that my sentence would be a concurrent sentence.**

(Respt.'s Ex. 122, 4-5.) (Emphasis added.) In his Petition for Review to the Oregon Supreme Court, Petitioner stated the question presented as:  "[d]id the Court of Appeals err in affirming the dismissal of the petition for post-conviction review by the court below?" (Respt.'s Ex. 124, 1.) Petitioner then referred to pages 4-7 of his attached appellate brief to present his claims and argument, including the two ineffective assistance of counsel claims. (*Id.* at 3.)

Oregon rules of appellate procedure are clear as to the pleading requirements for claims to be considered by the appellate

courts.  *See* ORAP 5.45, ORAP 9.05.[2]  Even if referencing and attaching the appellate brief presented the above two claims to the Oregon Supreme Court, Petitioner, nevertheless, did not present Ground 3(b).

A claim of ineffective assistance of counsel requires a petitioner to prove that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the

---

[2]Rule 5.45 specifies:
(1) A question or issue to be decided on appeal shall be raised in the form of an assignment of error, as prescribed in this rule.  Assignments of error are required in all opening briefs of appellants and cross-appellants.  No matter claimed as error will be considered on appeal unless the claimed error . . . is assigned as error in the opening brief in accordance with this rule . . .
(2) Each assignment of error shall be separately stated under a numbered heading. . . .

Rule 9.05.(3), governing petitions for review to the Oregon Supreme Court, specifies:
3)  The petition shall contain in order
    a)  A prayer for review.
    b)  Concise statements of the legal question or questions presented on review and the rule of law that petitioner proposes be established, if review is allowed.
    c)  A concise statement of each reason asserted for reversal or modification of the decision of the Court of Appeals, including appropriate authorities.
    d)  A short statement of facts relevant to the appeal, but facts correctly stated in the opinion of the Court of Appeals should not be restated.
    e)  A brief argument related to each reason asserted for review, if desired . . .

result of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002); *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner must (1) identify the acts or omissions of counsel that form the basis for his claim and (2) show how the acts or omissions prejudiced his case. *Strickland* at 690.

Ground 3(b) alleges:

> Trial **counsel failed to make the proper objection to the sentence imposed** in that the sentence was consecutive and an upward departure sentence enhancement in violation of petitioner's right secured by the United State [sic] Constitution 5th, 6th, and 14th amendment.

(Petition, #2, 6.) (Emphasis added.)    The two ineffectiveness claims Petitioner exhausted through the state PCR appellate procedures were that "*counsel misled petitioner . . .*" and "*counsel failed to challenge the sufficiency of the indictment and the lack of factual allegations in the indictment . . . .*" Although these two claims and Ground 3(b) are similar in alleging counsel was ineffective and alleging the same "prejudice" component - that Petitioner received consecutive sentences - the acts or omissions identified as evidence of counsel's deficient representation are distinct in each of the two claims Petitioner did present and, likewise different from the substance he raises now in Ground 3(b). Moreover, different proof would be required to show counsel's performance was constitutionally deficient as to either of the two presented grounds or Ground 3(b). The Court concludes Petitioner did not present Ground 3(b) to Oregon's highest court and, thus,

9 - OPINION AND ORDER

Petitioner failed to exhaust his state remedies. *Lopez v. Dora*, 491 F.3d 1029, 1040 (2007) (claims must be substantially equivalent); *Insyxiengmay,* 403 F.3d at 668 (the proper factual and legal basis for the claim must be presented); *Weaver*, 197 F.3d at 364 (same); *see also Duncan v. Henry*, 513 U.S. 364, 366 (1995) ("mere similarity of claims is insufficient to exhaust")(citing *Picard v. Connor*, 404 U.S. 270, 278 (1971)).

Because Petitioner cannot again seek state post-conviction relief, *see* Or. Rev. Stat. 138.550 (3) (2005), Ground 3(b) is procedurally defaulted. Petitioner has made no showing of cause and prejudice to excuse his procedural default, nor has he demonstrated that a fundamental miscarriage of justice will result if the Court does not consider his claim. Accordingly, habeas relief is unavailable to Petitioner.

### CONCLUSION

For the foregoing reasons, the court DENIES the Petition for Writ of Habeas Corpus (#2).

IT IS SO ORDERED.

DATED this 18th day of August, 2008.

ANNA J. BROWN
United States District Judge